FILED
United States Court of Appeals
Tenth Circuit

**April 14, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BARBARA MARIE FRANTZ,

    Plaintiff - Appellant,

v.

STATE OF KANSAS; GLORIA
GEITHER; CENTURION; JENA LEE;
MICHELLE CALVIN,

    Defendants - Appellees.

No. 22-3014
(D.C. No. 5:21-CV-03117-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

---

Before **BACHARACH**, **BALDOCK,** and **McHUGH**, Circuit Judges.[**]

---

    Plaintiff Barbara Marie Frantz, currently imprisoned in the State of Kansas, appeals the district court's order summarily dismissing her civil rights action for failure "to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B) (allowing summary disposition of a case where plaintiff appears in forma pauperis). Our jurisdiction arises under 28 U.S.C. § 1291. We summarily affirm.

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] After examining Defendant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

I.

Plaintiff is serving a term of life imprisonment with the State of Kansas Department of Corrections for murdering her estranged husband. Appearing pro se, she instituted the present civil rights action under 42 U.S.C. § 1983 by filing a complaint with attachments and exhibits that exceeded 500 pages. Among other things, Plaintiff claimed unnamed staff with the Leavenworth County Sheriff's Department beat and raped her in 2017. Plaintiff also claimed named Defendant State of Kansas and others were conspiring to murder her by ignoring numerous "pre-existing" medical conditions that arose out of treatment she received at the University of Kansas Hospital in 2013.

In the first of four written orders, the district court ordered Plaintiff to show cause why her complaint should not be dismissed for failure to state a claim. *Frantz v. Kansas*, No. 21-3117-SAC, Order at 9 (D. Kan. filed June 14, 2021). In the alternative, the court granted Plaintiff leave to file a properly amended complaint. *Id.* Plaintiff responded by filing an amended complaint that this time, including attachments and exhibits, exceeded 200 pages. In its second order, the district court held Plaintiff's amended complaint suffered from the same defects as her original complaint and ordered her to submit a second amended complaint (SAC) for screening. *Frantz v. Kansas*, No. 21-3117-SAC, Order at 4 (D. Kan. filed Oct. 27, 2021). Plaintiff's SAC is the focus of this appeal.

In her SAC, Plaintiff makes claims against five named Defendants for

2

ostensibly violating her Eighth and Fourteenth Amendment rights. First, Plaintiff alleges Defendant State of Kansas has denied her medical care. She says "Defendant's shocking and intolerable actions, as Plaintiff's constant medical complaints being so visible to the lay person, leav[e] no other conclusion [than the State of Kansas is conspiring] to commit 1st degree murder against Plaintiff." Second, Plaintiff alleges Defendant Gloria Geither, Warden of the Topeka Correctional Facility, failed to respond to Plaintiff's grievances regarding inadequate medical care. Third, Plaintiff alleges Defendant Centurion Medical, a provider of medical services, failed to provide her adequate medical care. Fourth, Plaintiff alleges Defendant Jena Lee, a medical doctor, failed to respond to Plaintiff's serious medical complaints, "this leaving Plaintiff with no other conclusion [than] she's being murdered by Dr. Lee and Defendants listed." Lastly, Plaintiff alleges Defendant Michelle Calvin, a medical administrator for Centurion, failed to ensure that Plaintiff received adequate medical care.

In the section of her SAC labeled "Facts," Plaintiff generally complains about (1) being beaten unconscious and then raped by unnamed staff with the Leavenworth County Sheriff's Department in 2017, (2) being deprived of medical care and treatment for her injuries and "pre-arrest diagnosis" dating back to 2013, and (3) being denied procedural due process in connection with a petition for a writ of habeas corpus filed in Kansas state court. Plaintiff seeks actual damages of $300 million, punitive damages in excess of $60 million, and an injunction directing

Defendants to "provide necessary access to specialist."

In a third order, the district court held Plaintiff's SAC, like her original and amended complaints, failed to state a cause of action and again directed her to show cause why her action should not be dismissed. *Frantz v. Kansas*, No. 21-3117-SAC, Order at 12 (D. Kan. filed Dec. 18, 2021). Following Plaintiff's response, the court entered its final order dismissing Plaintiff's action based on both Plaintiff's failure to address the concerns raised in the court's most recent order to show cause and on her SAC's failure to state a claim for relief. *Frantz v. Kansas*, No. 21-3117-SAC, Order at 2, 3, 5 (D. Kan. filed Jan. 26, 2022).

II.

We review de novo a district court's order summarily dismissing a prisoner's § 1983 complaint under § 1915(e)(2)(B) for failure to state a claim. *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001). To be sure, we construe pro se pleadings liberally, applying a less stringent standard than to formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet our liberal reading of Plaintiff's SAC does not relieve her of the burden of alleging enough facts to state a claim to relief that is plausible on its face. *Sawyer v. Howard*, 813 F. App'x 345, 347 (10th Cir. 2020) (unpublished) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). We are not bound by conclusory factual

4

allegations, unwarranted inferences, or legal conclusions contained in pro se pleadings. *Parker v. Caliber Home Loans Inc.*, 850 F. App'x 662, 663 (10th Cir. 2021) (unpublished) (citing *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994)).

Applying these legal standards, we conclude Plaintiff's SAC suffers from defects too numerous to detail, many of which are accurately outlined in the district court's order of December 18, 2021 screening Plaintiff's SAC. Suffice to say that perhaps the SAC's most notable shortcoming is a complete lack of facts, that is acts or omissions of a particular Defendant, suggesting harm amounting to deliberate indifference to her serious medical needs or a denial of due process. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff's SAC is full of conclusions such as (1) the individual named Defendants failed to respond to her calls for medical care and grievances about such care or lack thereof, (2) some unidentified staffers at the county sheriff's office beat and raped her, and (3) the State of Kansas denied her procedural due process "regarding writ of habeas corpus." In other words, the SAC alleges a whole slew of denials, abuses, and failures on the part of Defendants but does not allege any underlying facts to support such purported malfeasance. Rather, the SAC's allegations amount to little more than Defendants are not doing what Plaintiff thinks they should be doing. Similarly, Plaintiff's claim that Defendants are conspiring to murder her is likewise devoid of any factual support but is grounded in Plaintiff's assertion that such conclusion is inevitable. We will not belabor the

5

point.   Because Plaintiff's SAC fails to allege facts upon which relief may be granted, we AFFIRM the district court's dismissal of her action in its entirety.   We GRANT Plaintiff's motion to proceed in forma pauperis but remind her that she remains obligated to continue to make partial payments until the filing fee is paid in full.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge